**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

LUCRETIA GARCIA                                                                PLAINTIFF

V.                                      No. 4:25-CV-00757-JM-ERE

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER                                                                   DEFENDANT

<u>**RECOMMENDED DISPOSITION**</u>

This Recommended Disposition ("RD") has been sent to United States District Judge James M. Moody, Jr. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include a factual or legal basis, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

**I.      Background**

Ms. Lucretia Garcia filed an application for disability insurance benefits on May 23, 2021 and for supplemental security income on August 18, 2021, due to a personality disorder, mood disorder, mental conditions, and syphilis. *Tr. 23, 241, 246, 277.* Her claim was denied initially and upon reconsideration. On November 9, 2023, an Administrative Law Judge ("ALJ") held a telephonic hearing, where the ALJ heard testimony from Ms. Garcia and a vocational expert ("VE"). *Tr. 52-90.* The ALJ issued a decision on March 19, 2024, finding that Ms. Garcia was not

1

disabled. *Tr. 23-37.* The Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commissioner. *Tr. 14-16.*

Ms. Garcia, who was thirty-five years old at the time of the hearing, attended some college and has no past relevant work experience. *59-61, 84.*

## II.    The ALJ's Decision[1]

The ALJ found that Ms. Garcia had not engaged in substantial gainful activity since her alleged onset date of December 9, 2020, and identified the following severe impairments: personality disorder, adjustment disorder, post-traumatic stress disorder, generalized anxiety disorder, depressive disorder, and severe cannabis use disorder. *Tr. 25.* The ALJ concluded that Ms. Garcia did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 26.*

According to the ALJ, Ms. Garcia had the residual functional capacity ("RFC") to perform work at all exertional levels, with the following limitations: (1) can use judgment to make simple work-related decisions; (2) can maintain concentration, persistence, and pace for simple tasks; (3) can understand, carry out,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)(4).

and remember simple work instructions and procedures; (4) can adapt to changes in a work setting that are simple, predictable, and easily explained; and (5) occasional interaction with co-workers, supervisors, and the public. *Tr. 27-28.*

Based on the VE's testimony, the ALJ found that a substantial number of potential jobs were available in the national economy that Ms. Garcia could perform, including industrial cleaner, production assembler, poultry dresser, and poultry hanger. *Tr. 36, 63.* Accordingly, the ALJ found that Ms. Garcia was not disabled. *Tr. 24*.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because

substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.    Ms. Garcia's Arguments for Reversal

Ms. Garcia argues that the ALJ erred because "[d]despite explicitly identifying Severe Cannabis Use Disorder as a medically determinable **severe impairment**, the ALJ failed to apply [the] § 416.935 or SSR 13-2p analysis at any step of the decision." *Doc. 13* (emphasis in original). After considering the record as a whole, I recommend affirming the Commissioner's decision.

### C.    Analysis

Ms. Garcia argues that the ALJ failed to properly apply 20 C.F.R. § 416.935 or SSR 13-2p in relation to her severe cannabis use disorder. *Id.* Section 416.935 is titled: "How we will determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." The first section of the regulation has a caveat: "If we find that you are disabled and have medical evidence of your drug addiction or alcoholism . . . ." Here, the ALJ found that "the evidence fails to support the claimant's assertions of total disability." *Tr. 35*. Because the ALJ concluded that Ms. Garcia was not disabled, § 416.935 does not apply. *King v. Comm'r of Soc. Sec.*, No. 22-80087-CIV, 2023 WL 8879010, at *6 (S.D. Fla. Oct. 5, 2023) (§ 416.935 "applies only when the ALJ finds a claimant to be disabled."); *Carter v. Astrue*, No. 3:08-CV-37CDL, 2009 WL 2750987, at *5

4

(M.D. Ga. Aug. 26, 2009) ("The ALJ determined that Plaintiff was not disabled. Thus, the requirements of Sections 404.1535(a) and 416.935(a) clearly do not apply.") (cleaned up).

Ms. Garcia argument regarding SSR 13-2p fails for the same reason. The ALJ found that the combination of Ms. Garcia severe impairments – including her severe cannabis use disorder – did not result in a disability. No further analysis was required. *See* SSR 13-2p, 2013 WL 621536 at *5 ("2. Is the claimant disabled considering all impairments, including DAA?[2] a. No—Do not determine DAA materiality. (Denial.) b. Yes—Go to step 3."); *Wiehe v. Bisignano*, No. 3:24-CV-05065-DGK-SSA, 2025 WL 1554963, at *2 (W.D. Mo. June 2, 2025) ("Since the ALJ concluded that Plaintiff was not disabled after considering all his severe impairments, no SSR 13-2p analysis was required."); *Breeze v. Kijakazi*, No. 4:21-CV-00107-DN-PK, 2023 WL 6307419, at *1 (D. Utah Sept. 28, 2023) ("[T]the ALJ precisely followed the guidance of SSR 13-2p by stopping at step two because the ALJ did not find Ms. Breeze was disabled after considering all impairments, including DAA.").

Based on the record, the ALJ's analysis was consistent with the Social Security regulations.

---

[2] DAA is Drug Addiction and Alcoholism under this regulation.

5

## IV.  Conclusion

As set out above, the ALJ applied proper legal standards in evaluating Ms. Garcia's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE RECOMMENDED that the Court affirm the Commissioner's decision and enter judgment in favor of the Commissioner.

Dated 15 May 2026.

_____
UNITED STATES MAGISTRATE JUDGE

6